# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cr-449-JDR

UNITED STATES OF AMERICA,

*Plaintiff,*

versus

ADRIAN LAMONTE LANDRUM,

*Defendant.*

## OPINION AND ORDER

Defendant Adrian Lamonte Landrum moves to dismiss the single-count indictment [Dkt. 2][1] filed against him on the grounds that 18 U.S.C. § 922(g)(1) is unconstitutional. Dkt. 20. Mr. Landrum argues that the Government has the burden to demonstrate that § 922(g)(1) is "consistent with the Nation's historical tradition of firearm regulation" because § 922(g)(1) unequivocally regulates conduct protected under the Second Amendment. Dkt. 19 at 3 (quoting *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 24 (2022)). He acknowledges that the Tenth Circuit's ruling in *Vincent v. Bondi*, 127 F.4th 1263 (10th Cir. 2025), precludes this argument. Dkt. 19. The Court agrees that, under *Vincent*, Mr. Landrum's motion must be denied.[2]

In 2008, the Supreme Court determined that the Second Amendment confers "an individual right to possess a firearm unconnected with service in a militia, and to use that arm for traditionally lawful purposes, such as self-

---

[1] All citations refer to CM/ECF pagination.

[2] Mr. Landrum has filed his motion for preservation purposes.

defense within the home." *District of Columbia v. Heller*, 554 U.S. 570, 577 (2008). In reaching that holding, the Supreme Court stated that "nothing in [the *Heller*] opinion should be taken to cast doubt" on the constitutionality of "longstanding prohibitions on the possession of firearms by felons." *Id.* at 626. In 2009, the Court of Appeals for the Tenth Circuit relied on that statement when holding that 18 U.S.C. § 922(g), which criminalizes the possession of firearms by convicted felons, does not violate the Second Amendment. *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009).

In 2022, the Supreme Court articulated a new methodology for assessing the constitutionality of statutes limiting the rights of individuals to keep and bear firearms. The Court held that, "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022). Once a court determines that conduct is protected, the Government must justify its regulation by "demonstrat[ing] that [the regulation] is consistent with this Nation's historical tradition of firearm regulation." *Id.*

Following *Bruen*, the Court of Appeals for the Tenth Circuit heard an appeal challenging the constitutionality of § 922(g). *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023). The Court of Appeals affirmed its holding in *McCane*. *Id.* at 1202. In doing so, the Court did not expressly conduct the *Bruen* analysis, holding instead that, because "*Bruen* did not indisputably and pellucidly abrogate [the] precedential opinion in *McCane*," the opinion in *McCane* remained good law. *Id.* Ms. Vincent filed an appeal challenging the Tenth Circuit's failure to expressly perform a *Bruen* analysis.

While the *Vincent* appeal was pending, the Supreme Court again addressed the constitutionality of 18 U.S.C. § 922(g) in *United States v. Rahimi*, 602 U.S. 680 (2024), and reaffirmed its prior statement that the "appropriate analysis" requires consideration of "whether the challenged regulation is

consistent with the principles that underpin our regulatory tradition." *Id.* at 692 (citing *Bruen*, 597 U.S. at 26-31). The Court then granted certiorari in *Vincent* and vacated and remanded the opinion so that the Tenth Circuit could engage in further consideration in light of *Rahimi*. *Vincent v. Garland*, 144 S. Ct. 2708 (2024).

On remand, the Tenth Circuit held "that felon dispossession laws are presumptively valid" and that *Rahimi* "doesn't clearly abrogate the presumptive validity of § 922(g)(1)." *Vincent*, 127 F.4th at 1265 (citing *McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009)). Under current Tenth Circuit precedent, *McCane* remains good law, and 18 U.S.C. § 922(g) remains presumptively valid. Although this Court has previously expressed reservations regarding the lack of any express *Bruen* analysis, *McCane*, and now *Bondi*, are binding. Under that precedent, Mr. Landrum's motion to dismiss [Dkt. 19] must be, and is, denied.

DATED this 27th day of January 2026.

_____
JOHN D. RUSSELL
*United States District Judge*